IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARK S. OBARA, | : | CASE NO. _____ |
| aka MARK STANISLAW OBARA | : | |
| aka MARK OBARA, | : | CHAPTER 13 PLAN |
| and DOMENICA C. OBARA, | : | |
| aka DOMENICA CHRISTINE OBARA, | : | [ ]  # MOTIONS TO AVOID LIENS |
| aka DOMENICA OBARA, | : | |
| aka DOMENICA DALIA, | : | [ ]  # MOTIONS TO VALUE COLLATERAL |
| aka DOMENICA C. DALIA, | : | [X]  ORIGINAL PLAN |
| aka DOMENICA CHRISTINE DALIA, | : | |
| | : | |
| DEBTOR(S) | : | [ ]  AMENDED PLAN |
| | : | (Indicate 1st, 2nd, 3rd, etc.) |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

[X] The debtor(s) will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor(s) is/are not eligible for a discharge of debts because the debtor(s) has/have previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[ ] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the Section 8 of this plan. *Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.*

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. <u>Plan Payments</u>

    1. To date, the Debtor(s) has paid $0.00 *(enter $0 if no payments have been made to Trustee to date)*. Debtor(s) shall pay the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is **$14,723.40**, plus other payments and property stated in Paragraph B below:

    | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
    |---|---|---|---|---|
    | **01/14** | **12/18** | **$245.39** | **N/A** | **$14,723.40** |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  |  |  |
    |  |  |  |  | **$14,723.40** |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

    3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

    4. CHECK ONE:   ( X )   Debtor(s) is at or under median income.

        (   )   Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    B. <u>Liquidation of Assets</u>

    1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

    2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

    3. The Debtor estimates that the liquidation value of this estate is **$64,198.46**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**

A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor(s) to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| | | | $ |
| | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim of this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor(s)</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| **Suntrust Mortgage** | **1st Mortgage on 218 Spruce Run Drive, Dingmans Ferry, PA 18328.** | **$1175.00** | **$189,791.54** |
| | | | |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | $ | $ | $ |
| | | $ | $ | $ |

3

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSE TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| **Carbon County Tax Claim Bureau** | **Real estate taxes on 218 Spruce Run Drive, Dingmans Ferry, PA 18328.** | **$856.40** | 5% | **$984.80** |
|  |  | $ | % | $ |
|  |  | $ | % | $ |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

4

G. <u>Lien Avoidance</u>.  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) *(this section should not be used for statutory or consensual liens such as mortgages)*:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>.  Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. *(Check if applicable)*

( ) Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.  If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrerages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

   B. Administrative Claims:
   (1) Trustee fees.  Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees.  In addition to the retainer of **$500.00** already paid by the debtor, the amount of **$3,500.00** in the plan.  Any amount exceeding the Trustee's applicable district's no-look fee will not be paid until a fee application for the requested amount is approved by the Court.  These no-look fees are posted at: www/mdbba.net/Chapter13Trustee.html.

5

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |

**4. UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |

B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment in Plan | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |  |
|  |  | $ | % | $ | $ |  |

**6. REVESTING OF PROPERTY: (Check One)**

[X] Property of the estate will vest in the debtor(s) upon confirmation. *(Not to be used with paragraph 2H)*.

[ ] Property of the estate will vest in the debtor(s) upon closing of the case.

**7. STUDENT LOAN PROVISIONS**:

A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

*(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)*

| Name of Creditor | Monthly Payments | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |

6

**8. OTHER PLAN PROVISIONS**

Include the additional provisions below or on an attachment. *(NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)*

A. Notwithstanding language to the contrary contained in Paragraph 2.B., the Court may at any time, upon the request of the Debtor(s), approve the modification of any loan described in Paragraph 2.B.

B. Notwithstanding language to the contrary contained in Paragraph 9, untimely filed unsecured claims shall receive no payment under this Plan. Debtor shall not be required to file an Objection to any untimely filed unsecured claims to effectuate the provisions of this Paragraph 8.B.

9. **ORDER OF DISTRIBUTION**

Payments from the plan will be made by the trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 3,500.00 | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ | |
| Level 5 | Secured claims, pro rata | $ 984.86 | |
| Level 6 | Specially classified unsecured claims | $ -0- | |
| Level 7 | General unsecured claims | $ 8,899.62 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | $13,384.48 |
| | Trustee Commission **10%** | $ 1,338.92 | |
| | Total | | $14,723.40 |

If the above Levels are not filled in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    General unsecured claims.
Level 8:    Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor(s). Claims filed after the bar date that are not properly served on the trustee will not be paid. The responsibility for reviewing the claims and objecting where appropriate rests with the debtor(s).

Dated: 11/12/13	/s/ Vincent Rubino
	Vincent Rubino, Esq., Attorney for Debtor(s)


	/s/ Mark S. Obara
	Mark S. Obara

	/s/ Domenica C. Obara
	Domenica C. Obara

8